THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8               AT SEATTLE

9   JACQUE F. COBLE and KATHLEEN L.         CASE NO. C13-1878 JCC
    COBLE,
10                                          ORDER
                  Plaintiff,
11
            v.
12
    SUNTRUST MORTGAGE INC., et al.,
13
                  Defendants.
14

15          This matter comes before the Court on Defendant Northwest Trustee's Motion to Dismiss

16   (Dkt. No. 52), Defendant Safeguard's Joinder in the Motion to Dismiss (Dkt. No. 54), Defendant

17   LPS Field Services' Joinder in the Motion to Dismiss (Dkt. No. 55), and Plaintiffs' Motion for

18   Extension of Time to File Response Briefs (Dkt. No. 64). Having thoroughly considered the

19   parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby

20   GRANTS NW Trustee's motion, GRANTS in part and DENIES in part Defendants Safeguard

21   and LPS Field Services' motions, and DENIES Plaintiffs' Motion for Extension of Time for the

22   reasons explained herein. Plaintiff is GRANTED leave to file an amended complaint.

23   I.     BACKGROUND

24          The background of this case is described in the previous order and is not recited in detail

25   here. In brief, this action concerns two properties purchased by Plaintiffs—a "Residential

26   Property" and a "Rental Property." Plaintiffs obtained loans secured by Deeds of Trust, which

1  listed MERS as the "Beneficiary," SunTrust as the "Lender," and Washington Administrative

2  Services, Inc., as the "Trustee." SunTrust later purported to appoint NW Trustee as the trustee

3  for both properties. Defendants Safeguard and LPS Field Services were involved in property-

4  preservation services related to the Rental Property.

5      **3. Action in this Court**

6      Plaintiffs filed their Second Amended Complaint on November 19, 2013. (Dkt. No. 37.)

7  The Court granted NW Trustee's motion to dismiss, but granted Plaintiffs leave to amend "to

8  allege facts supporting their claim that SunTrust was not the holder of the note at the relevant

9  times and that NW Trustee knew of any relevant legal defect." (Dkt. No. 47 at 7.) Plaintiffs filed

10 a Third Amended Complaint on March 20, 2014. (Dkt. No. 50.) Against NW Trustee, Plaintiffs'

11 claims are again violations of Wash. Rev. Code § 61.24, Foreclosure Violations of Deed of Trust

12 Act (Dkt. No. 50 at 36–39), Misrepresentation (Dkt. No. 50 at 40–41), and violations of

13 Washington's Consumer Protection Act ("CPA") (Dkt. No. 50 at 42–45). Plaintiffs allege that

14 NW Trustee knew or should have known that SunTrust lacked authority to appoint NW Trustee

15 as a trustee and that NW Trustee violated its duty of good faith (Dkt. No. 50 ¶ 8.11), which

16 forms the basis for the claims of violations of the Deed of Trust Act and of misrepresentation,

17 which are in turn violations of the CPA. Against Safeguard and LPS Field Services, Plaintiffs

18 bring claims of trespass and property damage, invasion of privacy/intrusion upon seclusion,

19 conversion of personal property, breach of the right to possession, negligence, and violations of

20 the CPA. (Dkt. No. 50 at 29, 31, 34.)

21     NW Trustee has filed a motion to dismiss (Dkt. No. 52), which Safeguard and LPS Field

22 Services have joined. (Dkt. Nos. 55, 64.)

23 **II.   DISCUSSION**

24     **A.      Standard on Motion to Dismiss**

25     In ruling on a motion to dismiss, the Court assumes that a plaintiff's factual allegations

26 are true and draws all reasonable inferences in a plaintiff's favor. *See OSU Student Alliance v.*

1    *Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). "While a complaint attacked by a Rule 12(b)(6)

2    motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

3    the grounds of his entitlement to relief requires more than labels and conclusions, and a

4    formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

5    *Twombly*, 550 U.S. 544, 550 (2007). If the Court dismisses the complaint, the Court should

6    consider whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

7    2000). The court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P.

8    15(a)(2).

9    **B.      Documents Relied Upon**

10          A court may not consider "matters outside the pleadings" when ruling on a motion to

11    dismiss under Rule 12(b)(6) without converting the motion into one for summary judgment. Fed.

12    R. 12(d); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). A

13    court may, however, "consider materials that are submitted with and attached to the Complaint."

14    *Id*. A court "may also consider unattached evidence on which the complaint 'necessarily relies'

15    if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim;

16    and (3) no party questions the authenticity of the document." *Id*. (internal citation omitted).

17    **C.      Motion for Extension of Time and Motion to Strike**

18          The local rules direct that motions for relief from deadlines should be filed in advance of

19    the deadline and parties must comply with existing deadlines absent a court order. W.D. Wash.

20    Local Civ. R. 7(j). The federal rules provide that a court may grant a time-extension request

21    made after a deadline if a party's failure was because of "excusable neglect." Fed. R. Civ. P.

22    6(b).

23          Plaintiffs filed untimely responses because of an attorney's error in interpreting the local

24    rules. (Dkt. No. 64 at 3.) Their motion for an extension of time was filed after the responses were

25    due. (Dkt. No. 64.) Defendant NW Trustee did not note this untimeliness in its reply; the Court

26

therefore considers Plaintiffs' untimely response to NW Trustee's motion to dismiss.[1] Defendant Safeguard does object to the timeliness of NW Trustee's response. (Dkt. No. 59 at 2.) Upon consideration of all the factors, the Court concludes that Plaintiffs have not demonstrated good cause so DENIES Plaintiffs' request for an extension and STRIKES the response as untimely.

Plaintiffs have also moved to strike material in Defendant Safeguard's reply brief that is beyond the scope of the original motion or the response. (Dkt. No. 63.) Having stricken Plaintiffs' response, Defendants' reply brief is outside the scope of the original motion, and the Court STRIKES the arguments in the reply brief.

Plaintiffs' Response was timely with respect to Defendant LPS Field Services' joinder. Plaintiff has moved to strike certain portions of the reply brief as beyond the scope of either LPS Field Services' original motion or the response brief. (Dkt. No. 68.) In anticipating the motion to strike, LPS Field Services argued that its significantly more detailed reply brief was justified because some arguments were made by other parties or on previous motions to dismiss, and that its reply was in response to Plaintiffs' argument. (Dkt. No. 66 n.1.) The Court disagrees with Defendant's characterization and concludes that many arguments in LPS Field Services' Reply are new arguments. Accordingly, the Court STRIKES the following portions of the reply brief: (1) Section A, p. 3, lines 13–20; (2) Section B, p. 4, lines 16–23; (3) Section B.1 in its entirety; and (4) those portions of Sections B.2, B.3 and B.4 incorporating arguments from previous briefing related to the First Amended Complaint, as well as the argument related to LPS Field Services carrying out its duties in good faith.[2]

**D.      NW Trustee's Motion to Dismiss**

---

[1] The timeliness of Plaintiffs' responses was raised for the first time by Safeguard, which also purports to raise it on behalf of NW Trustee. (Dkt. No. 59 at 2.) Had NW Trustee raised this issue initially, Plaintiffs could have filed their subsequent response to Safeguard in a timely fashion. Instead, Defendants waited until Plaintiffs had filed two untimely responses and now seek to strike both. The Court declines to do so.

[2] The Court notes that the parties' procedural failures have needlessly complicated the consideration of the merits in this case.

This Court granted Plaintiffs leave to amend "to allege facts supporting their claim that SunTrust was not the holder of the note at the relevant times and that NW Trustee knew of any relevant legal defect." (Dkt. No. 47 at 7.) Defendants' motion to dismiss is based on the latter set of amendments, that is, whether NW Trustee knew of the relevant legal defect.[3] NW Trustee contends that it can rely on the beneficiary declarations, citing Wash. Rev. Code § 61.24.030(7)(a), which states:

> [F]or residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

Initially, the Court rejects Plaintiffs' contention that the beneficiary declarations are defective because they do not declare an "owner" of the note; it suffices that they identify the holder. *See Knecht v. Fidelity Nat. Title Ins. Co.*, No. C12-1575-RAJ, 2014 WL 4057148 (citing and discussing *Trujillo v. NW Trustee Servs. Inc.*, 326 P.3d 768 (Wash.Ct.App. 2014)). The claim that the DTA was violated because the beneficiary declarations did not identify an "owner" is therefore DISMISSED with prejudice.

Even so, NW Trustee is not entitled to rely on these beneficiary declarations if it violated its duty of good faith under Wash. Rev. Code § 61.24.010(4). *See* Wash. Rev. Code § 61.24.030(7)(b).  The only contention in the Complaint addressing the duty of good faith is that NW Trustee violated its duty of good faith "when it acted as both [an] agent for SunTrust to collect a debt on the Rental Property and as an allegedly neutral trustee under the Deed of Trust Act on the Residence Property at the same time, in June, 2012." (Dkt. No. 50 ¶ 8.11.) The Court is unconvinced that this bare contention suffices to survive a motion to dismiss. *See Singh v. Federal Nat. Mortg. Ass'n*, No. C13-1125-RAJ, 2014 WL 504820 at *4 (W.D. Wash. Feb. 7,

---

[3] Defendants suggest that Plaintiffs have conceded that SunTrust was the proper beneficiary (Dkt. No. 52 at 2), but the Court disagrees with this characterization.

2014) (mere fact that trustee was wholly-owned subsidiary of the beneficiary did not establish a breach of a duty of good faith). Nor do Plaintiffs' arguments about deviations from the statutorily prescribed language in the foreclosure notices establish a violation of a good-faith duty on the part of NW Trustee, particularly where Plaintiffs have alleged no prejudice from what they describe as "per se violations." (Dkt. No. 56 at 21.)

Plaintiffs' briefing, however, suggests that Plaintiffs may be able to allege irregularities affecting NW Trustee's impartiality such that a complaint could survive a motion to dismiss. *See, e.g.*, *Lucero v. Cenlar FSB*, No. 13-0602-RSL, 2014 WL 2972374 at *5 (W.D. Wash., July 1, 2014) (recognizing the critical importance of a trustee's independence and concluding that allegations that trustee generated false appearance of statutory authority gave rise to plausible inference of breach of duty of good faith); *In re. Meyer*, 506 B.R. 533 (Bankr. W.D. Wash. 2014) (NW Trustee falsely represented itself as an authorized agent and accepted information without verification). Although the Court has already granted leave to amend once, the Court is not convinced that further amendment would be futile and therefore DISMISSES the claims against Northwest Trustee without prejudice. Plaintiffs are granted leave to amend to include further support for its allegations that NW Trustee violated its duty of good faith such that it should be precluded from relying on the beneficiary declarations. *See* Wash. Rev. Code §§ 61.24.030(7)(b); 61.24.010(4).

**E.     Safeguard's Motion to Dismiss**

The motions from Safeguard and LPS Field Services simply assert that they should prevail to the extent that NW Trustee prevails; their only argument in support is the suggestion that this outcome is dictated by the Court's previous order. Following the reasoning in the previous order, the Court DISMISSES without prejudice the conversion claims. The Court largely dismissed the claims against Safeguard on the basis of the allegations related to lock-change services. The lock-change services are not at issue on this motion to dismiss, so the Court DENIES the motion to dismiss with regards to these claims. However, Plaintiff is granted leave

1  to amend all claims against Safeguard and LPS Field Services—not just the conversion claims—

2  to the extent that they wish to include any new facts or theories of liability with regard to these

3  claims in an amended complaint.

4         The Court also re-dismisses with prejudice the breach-of-right-of-possession claims

5  against Safeguard and the negligence claims. (Dkt. No. 47 at 11.) As noted below, these need not

6  (and should not) be reasserted in an amended complaint.

7         **F.     Amended Complaint**

8         "[A] district court should grant leave to amend even if no request to amend the pleading

9  was made, unless it determines that the pleading could not possibly be cured by the allegation of

10 other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). As explained above, there is

11 reason to believe that further allegations about NW Trustee's role could be alleged such that the

12 Complaint would survive a motion to dismiss. Plaintiffs are therefore granted leave to amend and

13 are DIRECTED to file any amended complaint within 30 days of this Order.

14        The Court DISMISSES with prejudice the negligence claims and breach-of-right-of-

15 possession claims against Safeguard and LPS Field Services, and also dismisses with prejudice

16 the claim that the DTA was breached because the beneficiary declarations did not identify an

17 "owner." Any amended complaint should not include the claims dismissed with prejudice,

18 because their inclusion is unnecessary to preserve issues for appeal and requires unnecessary

19 parsing on the part of the parties and the Court. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th

20 Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require

21 that they be repled in a subsequent amended complaint to preserve them for appeal."). Plaintiffs'

22 Eleventh "Cause of Action" for costs and fees is also DISMISSED because it is not a separate

23 cause of action; Plaintiffs are granted leave to reassert this cause of action as an element of the

24 relief they seek.

25        In the interest of judicial efficiency, Plaintiffs are DIRECTED to file a redlined version

26 of any amended complaint showing changes from the Third Amended Complaint to any Fourth

1    Amended Complaint.

2 **III.     CONCLUSION**

3         For the foregoing reasons, the Court GRANTS in part Defendants' motions (Dkt. Nos.

4 52, 54, 55), GRANTS Plaintiffs leave to amend, and DENIES Plaintiffs' Motion for Extension of

5 Time (Dkt. No. 64) for the reasons explained herein. Plaintiffs are directed to file any amended

6 complaint by October 1, 2014.

7         DATED this 9th day of September 2014.

8

9

10

11

12

13                              John C. Coughenour

14                              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 8